**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1696-24

PATRICIA C. BENSON,

    Plaintiff-Appellant,

v.

MIDFIRST BANK[1] and
RAS CITRON, LLC,

    Defendants-Respondents.

_____

Submitted April 13, 2026 – Decided April 27, 2026

Before Judges Walcott-Henderson and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-3247-24.

Patricia C. Benson, self-represented appellant.

Gross Polowy LLC, attorneys for respondent MidFirst Bank (Jonathan M. Etkowicz, on the brief).

PER CURIAM

---

[1] Plaintiff incorrectly pled defendant MidFirst Bank as Midland Mortgage.

This appeal arises from the dismissal of plaintiff Patricia C. Benson's complaint alleging claims of unfair, deceptive, and abusive acts by MidFirst Bank and RAS Citron, LLC (collectively the "defendants") in connection with a mortgage on her property and the eventual foreclosure and sheriff's sale of this property. Plaintiff challenges the trial court's order dismissing her civil complaint against defendants under Rule 4:6-2(e) for failure to state a claim, asserting the court did not provide adequate findings of fact or conclusions of law. After our review of the record and application of the relevant legal principles, we affirm.

I.

On July 29, 2009, plaintiff's spouse, Artie Benson, executed a promissory note in the amount of $115,486.00 in favor of East Coast Mortgage Corp. secured by a mortgage executed by him and plaintiff on property located at 4608 Harding Road in Pennsauken and recorded with the Camden County Clerk. Through a series of assignments, the mortgage was eventually transferred to MidFirst Bank.

Beginning October 1, 2019, the mortgage fell into default and as a result, on July 7, 2022, MidFirst Bank filed a foreclosure complaint in the Chancery Division naming the current plaintiff, Patricia C. Benson, and others as

defendants. Plaintiff, who was a named defendant in the underlying foreclosure matter, did not file a responsive pleading, and MidFirst Bank moved for a default final judgment that was granted on November 15, 2022. The court denied plaintiff's subsequent motion to vacate the default judgment by order dated May 12, 2023 and also denied her motion for reconsideration thereafter.

A Writ of Execution was issued on July 17, 2023. The property was then sold at a sheriff's sale on January 3, 2024, to Air Homes LLC for $144,000. Subsequently, on January 10, 2024, plaintiff filed a motion to set aside the sheriff's sale, alleging that a loss mitigation application was pending at the time of the sale. MidFirst Bank opposed the motion, providing evidence that a loss mitigation denial letter had been sent to her on October 17, 2023, and that no loss mitigation hold was in place at the time of the sale. Thereafter, plaintiff's motion to set aside the sale was denied on February 2, 2024.

Plaintiff moved for reconsideration, which was denied. Plaintiff appealed the order denying reconsideration and on May 23, 2024, we affirmed.[2] On June 14, 2024, plaintiff moved to pay surplus funds out of court, and by order dated

---

[2] MidFirst Bank v. Benson, No. A-3342-22 (App. Div. May 23, 2024) (slip op. at 1). Plaintiff did not pursue Supreme Court review.

July 10, 2024, the Chancery Division granted the motion, awarding her $7,094.12 in surplus funds from the Sheriff's Sale.

On October 17, 2024, plaintiff initiated a complaint in the Law Division seeking damages of $300,000 against MidFirst Bank, improperly pled as "Midland Mortgage" and RAS Citron, LLC, the "representatives of the holder of the Note and Mortgage." Her complaint, through an attachment, alleged unfair, deceptive, and abusive acts or practices by defendants in connection with the foreclosure and sheriff's sale, and asserted violations of state law and federal mortgage servicing rules.

Both defendants moved to dismiss plaintiff's complaint in December 2024, asserting the complaint failed to state a claim upon which relief could be granted and that the complaint was also barred by res judicata and collateral estoppel. Plaintiff opposed the motions and waived oral argument, consenting to disposition "on the papers."

On January 17, 2025, the trial court granted defendants' motions and dismissed plaintiff's complaint without prejudice. Plaintiff appeals, contending the court erred in granting dismissal to defendants because the trial court failed to express its findings of facts and conclusions of law as required by Rule 1:7-4(a).

II.

We review a Rule 4:6-2(e) motion to dismiss for "failure to state a claim upon which relief can be granted" de novo, and we "owe[] no deference to the trial court's legal conclusions." Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019). "The standard traditionally utilized by courts to determine whether to dismiss a pleading . . . is a generous one." Green v. Morgan Props., 215 N.J. 431, 451 (2013). Accordingly, "[a] plaintiff is entitled to a liberal interpretation and given the benefit of all favorable inferences that reasonably may be drawn." State, Dep't of Treasury ex rel. McCormac v. Qwest Commc'ns Int'l, Inc., 387 N.J. Super. 469, 478 (App. Div. 2006).

When evaluating a Rule 4:6-2(e) motion, "our inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint." Green, 215 N.J. at 451 (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). "At this preliminary stage of the litigation the [c]ourt is not concerned with the ability of plaintiffs to prove the allegation contained in the complaint." Printing Mart, 116 N.J. at 746. Rather, "the test for determining the adequacy of a pleading [is] whether a cause of action is 'suggested' by the facts." Ibid. (quoting Velantzas v. Colgate-Palmolive Co.,

109 N.J. 189, 192 (1988)).  To that end, courts must "search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim" and grant the "opportunity . . . to amend if necessary."  Ibid. (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)).  Notwithstanding this liberal standard, "the essential facts supporting [the] cause of action must be presented in order for the claim to survive," and "conclusory allegations are insufficient in that regard."  Scheidt v. DRS Techs., Inc., 424 N.J. Super. 188, 193 (App. Div. 2012) (citing Printing Mart, 116 N.J. at 768).

Plaintiff contends the trial court's dismissal order should be vacated because it failed to provide adequate findings of facts and conclusions of law as required by Rule 1:7-4(a).  She argues the order lacked a written or oral explanation for the decision, thereby failing to adequately support that the standards for failure to state a claim were met.  Plaintiff asserts that this omission constitutes an abuse of discretion and a departure from established legal procedures, warranting a vacation of the judgment and a remand for proper judicial explanation and application of the relevant rules.  We are unpersuaded by plaintiff's contentions.

A-1696-24

Pursuant to <u>Rule</u> 1:7-4(a), a "court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right."  "[J]udges are under a duty to make findings of fact and to state reasons in support of their conclusions."  <u>Heinl v. Heinl</u>, 287 N.J. Super. 337, 347 (App. Div. 1996) (citing <u>R.</u> 1:7-4).  "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion."  <u>Salch v. Salch</u>, 240 N.J. Super. 441, 443 (App. Div. 1990).  "Naked conclusions do not satisfy the purpose of [<u>Rule</u>] 1:7-4."  <u>Curtis v. Finneran</u>, 83 N.J. 563, 570 (1980).

Based on our de novo review of the record, we conclude the trial court adequately complied with <u>Rule</u> 1:7-4(a).  The trial court issued its order based on "[r]easons set forth [o]n the [r]ecord."  In its oral decision the court found "plaintiff waive[d] oral argument and [is] not here[,] so [it has] to rely on the papers and her moving papers simply say that her complaint meets the requirements."  The court concluded:

> [Plaintiff is] not specific, she[] doesn't explain why she feels that way, just that she's met the requirements of the court rules.  In my reading of the complaint, I do not see that she actually has met those requirements[,] and she doesn't explain how she feels that she did, therefore the motion—both motions dismissing the complaint are granted.  However, I'm granting them without prejudice.

7

The record, including plaintiff's complaint and the exhibits attached thereto, fail to set forth a factual basis to support her claims that defendants committed unlawful or fraudulent acts. We concur with the trial court's determination that the complaint failed to specifically plead factual allegations that set forth a valid cause of action, even when providing an indulgent reading of the allegations in the complaint. The plaintiff's complaint incorporated "Exhibit A" that contains documents titled "Notice[s] of Tort Claims" to defendants.

In summary, those notices make general claims of violations by "Midland Mortgage" of "unlawful acts and practices" and "unfair or deceptive acts or practices in violation of consumer protection laws." The notice against RAS Citron claimed its "debt collection conduct . . . was not in accordance with . . . state or federal law" based on its failure to provide documents to "Midland Mortgage . . . ensur[ing] the factual assertions made in the foreclosure pleadings" included certain specific documents. The notice further asserts the "declarations signed by counsel . . . constitute[d] unfair or deceptive acts or practices in violation of consumer protection laws and state laws." Both notices demanded $100,000.

A-1696-24

The plaintiff's factual allegations fail to specify in any detail the specific claims plaintiff is asserting against defendants. Although plaintiff asserts violations of consumer laws, no such laws were cited by her, nor did any of the factual assertions specifically state the manner in which the alleged consumer laws were violated by defendants. We conclude, even when reading plaintiff's "complaint" liberally and providing her all favorable inferences, the complaint fails to meet the pleading standards set forth in Rule 4:6-2(e).

Since we have determined the trial court did not commit error in its factual and legal analysis under the Rule 4:6-2(e) standards, we shall not address the arguments raised by defendants concerning res judicata and collateral estoppel as those arguments are moot.

To the extent we have not addressed any of plaintiff's remaining arguments, we conclude those arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1696-24